

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 16, 1967

Hon. William W. Day          Opinion No. M-75
County Attorney
Calhoun County               Re:  Whether Calhoun County is
Port Lavaca, Texas                inhibited by law from with-
                                  drawing funds from the county
                                  depository, upon which the
                                  depository refuses to pay
                                  interest, for the purpose
                                  of purchasing interest-
                                  bearing United States Govern-
Dear Mr. Day:                     ment Bonds.

        By letter, and accompanying brief, you have
requested an opinion from our office.  We quote from
your letter as follows:

        "The question we are asking is:  'Is
    Calhoun County inhibited by any law from
    withdrawing surplus funds from the county
    depository upon which the depository refuses
    to pay interest for the purpose of purchasing
    interest-bearing United States Government
    Bonds?'  The reason that this request is
    imperative is because our local depository
    takes the position that, having accepted
    their bid, we are inhibited by our advertise-
    ment and contract from purchasing United
    States Government Bonds on a 90-day basis
    because their contract provides that they
    will only pay us interest on time deposits
    in the amount of $10,000 or over which
    remains on deposit for a 90-day period. . . .

        "Today, because of the unexpected neces-
    sity of providing jury fees in a pending
    criminal case for some 100 veniremen, our
    allotted funds have become exhausted and we
    have had to cash in and lose interest on one
    $10,000 certificate owned by the jury fund,
    and the bank, on request, has refused to pay
    interest on the unneeded excess in less than

- 341 -

> $10,000 units and there are no other funds
> available for a 90-day period which we could
> employ for re-investment in another $10,000
> time deposit. We have no recourse other than
> our former procedure, the purchase of United
> States Government Bonds if we desire to save
> the lost interest. It would meet our obliga-
> tion to keep our funds invested for interest."

In addition to your letter and brief, you have enclosed a copy of the notice to take bids, and the bid by two different banks, and some additional information for our consideration.

We have analyzed the information submitted, and conclude that the agreement between Calhoun County and the depository does not prevent the county from withdrawing "time deposit" money for any use authorized by law.

We note the agreement incorporates Article 2547, Vernon's Civil Statutes, as part of the agreement. Article 2547 is quoted, in part, as follows:

> "The condition of the personal bond or
> bonds, or contract for securities pledged,
> /of the depository bank/ shall be conditioned
> . . .for the payment upon presentation of
> . . .all checks drawn upon any 'time deposit'
> account, upon presentation, after the expira-
> tion of the period of notice required in the
> case of 'time deposits'. . . ." (Emphasis
> added.)

It is clear that "time deposit" money may be withdrawn by a county from the depository, if the depository is given the required notice of the forthcoming withdrawal. The withdrawal can be made for any lawful and authorized purpose.

Article 1269j-3, Vernon's Civil Statutes, authorizes all political subdivisions of the state to invest year-end balances in U.S. Bonds and Securities. This article applies to counties. Attorney General's Opinions No. O-5278 (1943), and No. V-1182 (1951).

Based upon an analysis of the facts as submitted, and the above quoted article, it is our opinion that Calhoun

County may withdraw "time deposit" money after giving the required notice, and invest such surplus money in United States Government Bonds as provided by Article 1269j-3, Vernon's Civil Statutes.

S U M M A R Y

Calhoun County is not prohibited by law from withdrawing surplus funds from the county depository and investing such withdrawn funds in U.S. Government Bonds and Securities as authorized by Article 1269j-3, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General
JCMcC:sck

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman

John Reeves
Alan Minter
Dyer Moore
Gordon Cass

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.